IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 12-00220-CG |
| | ) |
| REGINALD GARNOR NETTLES | ) |

**ORDER**

On April 2, 2013, following a bench trial on stipulated facts, the court found the defendant not guilty only by reason of insanity of the charge of assaulting a federal employee by means and use of a pistol, while the employee was engaged in the performance of his official duties, a violation of Title 18, United States Code, Section 111(a) and (b). Pursuant to 18 U.S.C. § 4243(b), the court ordered that the defendant be examined for a determination of whether or not the defendant is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another (Doc. 33).

Following receipt of the report of examination from the Federal Medical Center at Butner, North Carolina, the court held a hearing this date pursuant to Title 18, United States Code, Section 4243(c). Because the nature of the offense involved substantial risk of involving bodily injury to

1

another person, the defendant had the burden of proving by clear and convincing evidence that his release would not create a substantial risk to bodily injury to another person or serious damage of property of another due to a present mental disease or defect.  The defendant presented his own testimony and that of his mother.  Both of them were of the opinion that if the stays on his medicine and is watched over by his mother, he will not be a danger to anyone.  The defendant did state, however, that he had not stopped taking his medications when the incident occurred that resulted in the assault charge.

 As stated orally at the conclusion of the hearing, based on the report of examination from the federal medical center and the testimony presented, the court finds that the defendant has not proved by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to the present mental disease or defect.

Accordingly, it is **ORDERED** that the defendant is committed to the custody of the Attorney General pursuant to the provisions of 18 U.S.C. § 4243(e).

**DONE** and **ORDERED** this 6th day of November, 2013.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE